**Susan LUNN, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.**

No. 07–35602.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Filed Nov. 17, 2008.

John E. Seidlitz, Jr., Esquire, Seidlitz Law Office, Great Falls, MT, for Plaintiff–Appellant.

Michael J. Astrue, Esquire, Office of General Counsel, Allan D. Berger, Special Assistant U.S., Social Security Administration, General Counsel's Office, Denver, CO, Leif Johnson, Assistant U.S., Office of the U.S. Attorney, Billings, MT, for Defendant–Appellee.

Before: SILVERMAN and BERZON, Circuit Judges, and MAHAN,* District Judge.

MEMORANDUM **

Plaintiff Susan Lunn appeals the district court's order affirming the Social Security Commissioners's final decision to deny Lunn benefits. The Commissioner's deci-sion to deny benefits will only be disturbed if it based on legal error or is not supported by substantial evidence. *Stout v. Comm'r Soc. Sec. Admin.,* 454 F.3d 1050, 1052 (9th Cir.2006). We affirm.

■ The ALJ did not abuse his discretion in finding that Lunn's testimony was not wholly credible with respect to the intensity, duration, and limiting effects of her symptoms. Here, the ALJ provided three reasons for not fully crediting Lunn's testimony: (1) her testimony was not supported by medical evidence; (2) her testimony was inconsistent with her daily activities; and (3) the residual functional capacity assessment demonstrated that Lunn was able to perform a significant range of light work. These reasons are supported by substantial evidence.

■ The ALJ did not err in concluding that Lunn could perform light work. Because the ALJ assigned only limited weight to the opinion of Lunn's primary care doctor, Dr. Reed, he needed to provide "specific, legitimate reasons for disregarding the opinion of the treating physician." *See Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ gave multiple reasons for rejecting Dr. Reed's medical opinion, concluding that it was: (1) contrary to his own treating notes; (2) completed without formally testing Lunn's functional capacity; (3) contradicted by the opinion of Lunn's neurological surgeon, Dr. Mack; (4) based solely on Lunn subjective reports; and (5) contrary to Lunn's reports of her daily activities. These reasons are specific and legitimate and supported by substantial evidence.

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Likewise, substantial medical evidence supports the ALJ's conclusion that Lunn's depression and headaches were not severe impairments. The ALJ found no medical evidence that these impairments significantly limited Lunn's physical or mental ability to perform basic work activities. There are no medical records from December 2004 forward that indicate Lunn was seen, treated for, or even reported headaches to any physician. Additionally, the ALJ relied on the treatment notes of Lunn's counselor and doctors, the state psychologist's evaluation, and the vocational evaluation to find that her depression had no more than a minimal effect on her ability to work.

Finally, the ALJ properly concluded that Lunn was capable of returning to her previous work. At Lunn's hearing, the ALJ posed a hypothetical question to the vocational expert about Lunn's residual functioning capacity. Both the expert's answer to the hypothetical and his earlier vocational evaluation served as substantial evidence that Lunn could perform her past work as an administrative aide; therefore, the ALJ properly concluded that Lunn could perform light work.

**AFFIRMED.**